Rev. 12/2018

UNITED STATES DISTRICT COURT OF JACKSON, Miss.

~~EASTERN~~ DISTRICT OF ~~WASHINGTON~~

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

JAN 11 2024

ARTHUR JOHNSTON
BY _____ DEPUTY

John Robert Demos #287455
_____
*Plaintiff's full name and prisoner number*

Plaintiff,

v.

Donald John Trump,
[Former U.S. President]

ET Jl.,
_____
*Defendant's/defendants' full name(s)*

Defendant(s).

(If you cannot fit all of the defendants' names in the space provided, please write "see attached" in the space above and attach additional sheets of paper, as necessary, with the full list of names. The names listed here must be identical to those in Section II. Do not include addresses here. **Individuals whose names are not included in this section will not be considered defendants in this action.**)

Case No. 3:24-CV-18-CWR-LGI
(leave blank – for court staff only)

**·PRISONER CIVIL RIGHTS COMPLAINT**
42 USC 1981 Thru 2000,'

Jury Demand?
☑ Yes
☐ No

## WARNINGS

1.    Do not use this form if you are challenging the validity of your criminal conviction or your criminal sentence. If you are challenging your conviction or sentence, or if you are seeking restoration of good-time credits that would shorten your sentence, you must file a Petition for Writ of Habeas Corpus. If you use this form to challenge your conviction or sentence, you risk having your claim dismissed. Separate forms are available for filing a habeas petition.

2.    Under the Prison Litigation Reform Act ("PLRA"), you are required to exhaust all remedies in your institution's grievance system that are available to you before filing suit. This generally means that you must file a grievance and, if it is denied, appeal it through all available levels of review. Your case may be dismissed if you fail to exhaust administrative remedies, unless the administrative grievance process was not "available" to you within the meaning of the PLRA. You are not required to plead or show that you have exhausted your claim in this complaint.

3.      Please review your complaint carefully before filing. If your case is dismissed, it may affect your ability to file future civil actions while incarcerated without prepaying the full filing fee. Under the PLRA, a prisoner who has three or more civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim cannot file a new action without first paying the full filing fee, unless the prisoner is in imminent danger of serious bodily injury.

4.      Under Federal Rule of Civil Procedure 5.2, papers filed with the court, including exhibits or attachments to a complaint, may not contain certain information, which must be modified as follows:

| Do not include: | Instead, use: |
|---|---|
| • a full social security number | → the last four digits |
| • a full birth date | → the birth year |
| • the full name of a minor | → the minor's initials |
| • a complete financial account number | → the last four digits |

5.      At this stage of the proceeding, you need not submit exhibits, affidavits, grievances, witness statements, or any other materials with this complaint to the Clerk's Office. Any documents you submit *must relate directly to the claims you raise in this lawsuit.* They will become part of the court record and *will not be returned to you.*

## I.     PLAINTIFF INFORMATION

Demos, John Robert

Name (Last, First, MI)

Aliases/Former Names: YA-YA Idris TAION Lyonel

287455

Prisoner ID #

THE STAFFORD CREEK CORRECTIONAL CENTER
191 CONSTANTINE WAY

Place of Detention

Aberdeen, WASHINGTON.     98250

Institutional Address

_____

County, City          State          Zip Code

*Indicate your status:*

☐ Pretrial detainee                    ☑ Convicted and sentenced state prisoner
☐ Civilly committed detainee           ☐ Convicted and sentenced federal prisoner
☐ Immigration detainee

## II.   DEFENDANT INFORMATION

*Please list the following information for each defendant.  If the correct information is not provided, it could delay or prevent service of the complaint.  Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page of the complaint. Attach additional sheets of paper as necessary.*

Defendant 1:   TRUMP, DonAld John
Name (Last, First)

FORMER 45th U.S. PResiDeNT
Current Job Title

MAR-A-LAGO
Current Work Address

FloRidA
County, City                              State                    Zip Code

Defendant 2:   _____
Name (Last, First)

_____
Current Job Title

_____
Current Work Address

_____
County, City                              State                    Zip Code

Defendant 3:   _____
Name (Last, First)

_____
Current Job Title

_____
Current Work Address

_____
County, City                              State                    Zip Code

# Questions Presented

1. CAN FORMER U.S. PRESIDENT DONALD J. TRUMP BE CONVICTED OF INSURRECTION, SEDITION, TREASON, AND PLOTTING TO OVERTHROW THE U.S. GOVERNMENT IN THE WORLD COURT OF PUBLIC OPINION, PUBLIC SENTIMENT, PUBLIC OUTCRY, AND PUBLIC ENDORSEMENT?

2. DOES THE ACT OF TREASON CONSTITUTE A HIGH CRIME?

3. DOES THE TREASON CLAUSE, THE INSURRECTION CLAUSE OF THE U.S. CONSTITUTION APPLY TO SITTING PRESIDENTS?

4. IS DONALD J. TRUMP ABOVE THE LAW?

5. DOES THE PRESIDENT OF THE U.S. GOVERN STATE AND FEDERAL PRISONS?

6. DO THE ACTS, EXECUTIVE ORDERS, & PROCLAMATIONS OF THE PRESIDENT, IMPACT UPON, AND EFFECT PRISON INMATES?

7. JUST HOW IS THE (2) WORDS "PRESIDENTIAL IMMUNITY," CONSTITUTIONALLY DEFINED?

8. DOES THE "Good BEHAVIOR CLAUSE" APPLY TO A SITTING PRESIDENT?

9. DOES ARTICLE II OF THE U.S. CONSTITUTION PLACE GUARDRAILS ON THE PRESIDENT'S CONDUCT, BEHAVIOR, OR DEPORTMENT?

10. DOES THE PRESIDENT ACT FOR, SPEAK FOR, AND EXECUTE LAWS FOR THE BENEFIT OF PRISON INMATES?

## ISSUES PRESENTED

1. WHETHER THE COURTS HAVE THE AUTHORITY TO CHARGE A FORMER SITTING U.S. PRESIDENT WITH THE Following HIGH CRIMES,

(a) Subversion, ?

(b) Conspiracy To OVERThrow THE U.S. Government, ?

(c) Sedition, ?

(d) TREASON, ?

(e) INSURRECTION, ?

(F) Rebellion ?

2. WHETHER OR NOT A SITTING U.S. PRESIDENT (DONALD TRUMP in 2020) is,

(a) ABovE THE LAW,

(B) Bound by THE LAW,

(c) Controlled by THE LAW,

(d) BELOW THE LAW,

(e) EquAl To THE LAW,

(F) A LAWMAKER (OR MAKES LAW),

(G) A LegisLATOR,

(H) A "KING", OR IMPERIAL POTENTATE,

(i) EXEMPT FROM U.S. CONSTITUTION MANDATES,

(J) ABLE To PARDON Himself,

## Grounds For Relief

1. As A Consequence Of The 1-6-2020 Washington, D.C. Capitol Riots That Took Fruition On The Watch Of The 46th President Of The United States,

I charge The Former U.S. President With Violating The Constitutional Rights Of Plaintiff Demps,

(a) Take Care That The Laws be Faithfully Executed,

(b) Right To Have Non-Biased, Or Pre-disposed Presidential Electors,

(c) Violation Of Oath Of Office,

(d) Tainted U.S. Citizenship Of Defendant Donald J. Trump,

(e) Right Not To Have The Great Writ Suspended, As The 1-6-2023 Capitol Rights That Took Place In Wash, D.C. "Suspended" The Great Writ, To Plaintiff's Peril, As I Was Prohibited From Filing Writs Of Habeas, And Writs Of Mandamus.

(F) The 14th Amendment Insurrection Clause

(G) 22nd, 15th, 17th, 23rd Amendments To The U.S. Constitution Was Violated, As All Of The (4) Amendments Cited Involve Voting Rights.

## Grounds For Relief

1. In Light of The 1-6-2020 Washington, D.C. Capitol Riots, Former U.S. President Donald J. Trump Violated The Following Constitutional Rights of The Plaintiff:

(a) Plaintiff's Right To Privileges & Immunities,

(b) The Full Faith And Credit Clause,

(c) The Supremacy Clause,

(d) The Oath of Office Clause,

(E) The Protection Against Treason Clause,

(F) The Presidential Powers Clause (Article #2)

(G) The 14th Amendment "Insurrection Clause),

## III.    STATEMENT OF CLAIM(S)

*In this section, you must explain what you believe each defendant did to violate your civil rights, and if you know, identify the federal statutory or constitutional right you believe was violated.*

*If you believe the defendant(s) violated your civil rights in more than one way, explain each violation under a different count.  For example, if you believe you received constitutionally inadequate medical care and your religious rights were substantially burdened, include one claim under "Count I" (i.e., medical) and the other claim under "Count II" (i.e., religion).*

*Number your paragraphs.  For example, in Count I, paragraphs should be numbered 1.1, 1.2, 1.3, etc., and in Count II, paragraphs should be numbered 2.1, 2.2, 2.3, etc.  The first two paragraphs of each Count have been numbered for you.*

*If you have more than three counts, attach additional pages and follow the same format for each count.*

*If you attach documents to support the facts of your claim(s), you <u>must</u> specify which portion of the document(s) (i.e., page and paragraph) you are relying on to support the specific fact(s) of your claim(s).  <u>If you do not specify the portion of the supporting document(s), the Court may disregard your document(s).</u>*

### <u>COUNT I</u>

*Identify the first right you believe was violated and by whom:*

1.1  The 14th Amendment Right To Due Process, And Equal Protection Of The Law.

*State the <u>facts</u> of your first claim below.  Include all the facts you consider important.  Be specific about dates, times, locations, and the names of the people involved.  Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong.  If you need additional space, you may attach extra sheets.*

1.2  On 1-6-2023 During The Infamous Wash, D.C. Capitol Riots, Former U.S. President Donald J. Trump Engaged In Insurrection, Rebellion, Treason, In Direct Violation Of The 14th Amendment To The U.S. Constitution,'

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count I. Continue to number your paragraphs.*

_____

_____

_____

_____

Page 5 of 9

## COUNT II

*Identify the second right you believe was violated and by whom:* THE ARTicle I - Sec. 9 - cl. 2

Right 2.1 To hAVE The GReAT WRiT Suspended WAS VioIATed.

*State the facts of your second claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.* THE WASh. D.C. CAPiTol Rights

2.2 AT WASh. D.C., ShuT down CongRess, THE WASh. D.C. CouRTs, THE U.S. CongRess, & THE U.S. JusTicE DEPARTMENT.

When THE U.S. GoveRNMENT ShuTs down, PIAiNTiFF DemoS is PReVeNTed FRom.

1. PeTiTioNiNG THE GoveRNMENT FoR A RedRess oF GRieVANces.

_State with specificity the injury, harm, or damages you believe you suffered as a result of the events you described above in Count II.  Continue to number your paragraphs._

## **COUNT III**

_Identify the third right you believe was violated and by whom:_ THE ARTICLE 4-Sec. 4
3.1 ConstiTuTioNAl Right To A RepublicAN Form OF GovernmenT WAS violATed.

_State the facts of your third claim below.  Include all the facts you consider important.  Be specific about dates, times, locations, and the names of the people involved.  Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong.  If you need additional space, you may attach extra sheets._ ON 1-6-2020 DeFendANt DonAld J.
3.2 Trump by ActiveIy ORchesTRATing Supporting, And Giving To 100's
OF WAsh, D.C. RioTs Trumps Blessing, And AuThoriTy To ENGAGE
In Rebellion AgAinsT The U.S. GovernmenT, And ElecTion
OFFiciAls, Committed " TreAson", And Subversion most
Foul.

## IV.    RELIEF

*State exactly what you want the Court to do for you.  For example, you may be seeking money damages from an individual defendant, you may want the Court to order a defendant to do something or to stop doing something, or you may want both kinds of relief.  Make no legal arguments.  Cite no cases or statutes.* I SEEK ANY, And All Subsequent Relief As THE Court deems To bE NecessARy AND PRoPeR.

I Seek MoneTARy CompensATion. I Seek DeclARATORy, TRebLE, ComPensAToRy, InJuncTivE, RemediAl, STATuToRy, ConstiTuTionAl, Special, PRospecTivE, PunTivE, PecunTARy, All-PuRPosE DAmAGES In ThE SAid AmmounT OF $10,000,000, (Ten MilLion) DollARs.

## V.    SIGNATURE

*By signing this complaint, you represent to the Court that you believe the facts alleged to be true to the best of your knowledge, that you believe those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.*

12-31-2023
_____
Dated

*John Robert Demos*
_____
Plaintiff's Signature

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN ROBERT DEMOS, Jr., | No.    22-35990 |
| Petitioner-Appellant, | D.C. No. 2:20-cv-01786-RAJ Western District of Washington, Seattle |
| v. | |
| DONALD R. HOLBROOK; et al., | ORDER |
| Respondents-Appellees. | |

Before:  TASHIMA, S.R. THOMAS, and CLIFTON, Circuit Judges.

This court has reviewed the notice of appeal filed November 17, 2022 in the above-referenced district court docket pursuant to the pre-filing review order entered in docket No. 92-80350.  Because the appeal is so insubstantial as to not warrant further review, it will not be permitted to proceed.  *See In re Thomas*, 508 F.3d 1225 (9th Cir. 2007).  Appeal No. 22-35990 is therefore dismissed.

This order, served on the district court for the Western District of Washington, will constitute the mandate of this court.

No motions for reconsideration, rehearing, clarification, stay of the mandate, or any other submissions will be entertained.

**DISMISSED.**

DA/Pro Se



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116● Olympia, WA  98504-0116 ● (360) 586-1445

March 9, 2023

John Demos DOC #287455
WSP 1313 North 13th Street
B/BA1011L
Walla Walla, WA 99362

RE:  **Receipt of Petition for Pardon to the Washington State Clemency and Pardons Board**

Dear Mr. Demos:

Your Petition for Pardon signed October 13 2022, was received by the Washington State Clemency and Pardons Board.

Your petition will be uploaded to the Board's Preliminary Review Committee (Committee) folder for review.  The Committee reviews each petition to determine which petitions should set for hearing before the full Board. Both the Committee and the Board focus on whether the petition demonstrates anything "extraordinary" about the petitioner's case, pursuant to RCW 9.94A.728 and RCW 9.94A.885.

Washington law does not define "extraordinary" circumstances, and there is no limitation on the factors that the Committee may consider when making its decision to select a petition for hearing. With that said, please understand that there is no "particular reason" for accepting a petition to review and consider.  Rather, the totality of the circumstances compels the Committee in their decision. Describing the factors that give rise to the term "extraordinary" is difficult as each member personally defines "extraordinary."  Factors that have affected previous petitions include the following:

•       The Severity of the Offense:  Certain crimes are so serious and so objectionable that it would be difficult, if not impossible, to forgive punishment;

•       The Impact on any Victims:  Both the Committee and Board lend strong consideration to the personal appearances and/or letters from the victim(s) during the decision making process. Also, letters or testimony from a probation agent or other members of the public can and do affect the final recommendation.  Please note that you should never attempt to contact any victim(s) or victim's family members;

ATTORNEY GENERAL OF WASHINGTON

Demos DOC# 287455
March 8, 2023
Page 2 of 3

- The Offender's Criminal History and Other Relevant Background;

- Acceptance of Responsibility, Remorse, and Atonement;

- Compliance with All Financial Obligations Imposed by the Court;

- The Amount of Elapsed Time since the Offense Occurred;

- Personal Development and Positive Life Change since Conviction:  A petitioner must demonstrate that he or she has undergone a productive change by positively affecting those around him or her as well as society at large.  A petitioner may find it beneficial to submit commendations, awards, certificates of completion, transcripts, and diplomas in support of a petition.  Additionally, volunteering to assist the community or aid the less fortunate reflects a productive personal change as well as a benefit to the community;

- Any Benefit or Risk to the Community:  The petitioner's actions should reflect his/her efforts to live a responsible productive life and/or give back to the community.  To support a favorable recommendation, petitioners often submit letters of support from persons who hold positions of respect and trust in the community – local law enforcement officials, community leaders, employers, coworkers, etc.  The author of the letter should know the petitioner and acknowledge awareness of the crime from which the petitioner seeks relief.  Substantial contact with law enforcement authorities after the criminal conviction may be cause for a recommendation to deny the petition; and,

- Position of Prosecuting Attorney and/or Sentencing Judge – If a petition is selected for hearing before the full Board, Washington statute requires that we notify the prosecuting attorney who prosecuted the crime.  The prosecuting attorney is then given the opportunity to provide comments to the Board (and therefore to the Governor) on whether a pardon is justified.  Typically, a prosecuting attorney will be either neutral or unresponsive.  However, when available, a prosecuting attorney's adverse response may have a detrimental impact on the Board's decision.  Conversely, a favorable response oftentimes positively impacts the decision.  While there is no requirement to notify the sentencing judge, his or her comments may also have a substantial impact on the petition.  With these factors in mind, you may contact the prosecuting attorney who tried the case or the sentencing judge and request support for the petition.

Issues of "significance" include the need to find employment, schooling, or job training, or the desire to run for public office.  Remember, your assertions must be documented.  This means you must obtain a letter from the employer, licensing agency, school, or training program stating that you need to obtain a pardon in order to be considered for the job, school, license, etc.  If you have been declined the opportunity for employment because of the conviction, please provide any documents you have to substantiate that claim.  The purpose of the letters is to reflect the necessity of a pardon for admittance or certification for a trade or profession.

ATTORNEY GENERAL OF WASHINGTON

Demos DOC# 287455
March 8, 2023
Page 3 of 3

Finally, when your Governor grants a pardon, the Governor's Office sends a copy of the pardon to the Washington State Patrol (WSP), which maintains certain criminal history records and requests that they remove the conviction from the criminal history reporting that is available to the public. However, the conviction remains on a separate criminal history available to law enforcement and others who are entitled to non-conviction data under chapter 10.97 RCW. The Governor's Office does ask the WSP to note the fact that a pardon has been granted on this non-public criminal record.

Also, the pardon does not automatically remove the record of the conviction from the court files and does not grant legal authority to state that you were never convicted of a crime on an application for employment. You may, however, indicate that you have received a Governor's pardon. Other remedies do allow you to state that you were never convicted of a crime, such as the vacation of a criminal record pursuant to RCW 9.94A.640, which requires application to the court that entered the conviction.

An alternative form of relief may be available, and the Board will only entertain a petition if all alternative forms of relief are exhausted. This includes exhausting all appellate processes in cases where the sentence is ongoing. In the event that all other remedies are already exhausted, please include documentary evidence demonstrating your efforts and the Court's decision.

If you have questions or concerns in the meantime, please do not hesitate to contact me.

Sincerely,

*Jennifer E. Rhéaume*

Jennifer E. Rhéaume
Paralegal, Staff Person to the
Washington State Clemency and Pardons Board
 (360) 586-0047

FILED
12/15/2020
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

IN THE MATTER OF THE          )
PERSONAL RESTRAINT OF:        )          No. 81579-2-I
                              )
JOHN ROBERT DEMOS, JR.,       )          ORDER DISMISSING
                              )          PERSONAL RESTRAINT
_____ Petitioner. _____)          PETITION

       John Demos filed this petition challenging the June 2020 decision of the

Indeterminate Sentencing Review Board (ISRB) to deny parole and extend his

minimum sentence.  In order to obtain relief by means of a personal restraint

petition, Demos bears the burden of showing that he is under restraint and that

the restraint is unlawful.  RAP 16.4; see also In re Pers. Restraint of Cashaw,

123 Wn.2d 138, 148-49, 866 P.2d 8 (1994); In re Pers. Restraint of Cook, 114

Wn.2d 802, 813, 792 P.2d 506 (1990).  Because Demos fails to meet this

burden, the petition must be dismissed.

       In 1978, a jury found Demos guilty of attempted rape in the first degree and

burglary in the first degree.  The sentencing court imposed concurrent maximum

sentences of 10 years on the attempted rape conviction and life on the burglary

conviction, with minimum sentences set by the ISRB.

       In February 2018, following a hearing, the ISRB determined that Demos was

not parolable and added 36 months to his minimum term.  The ISRB's written

No. 81579-2-I/2

decision noted Demos' history of multiple serious infractions, inability to follow

prison supervision requirements, and the need to further address his mental health

issues.

   The parolability hearing at issue in this petition took place on May 20, 2020.

At the hearing, Department of Corrections (DOC) classification counselor James

Rogers testified that Demos was found to be unamenable to DOC's Sex Offender

Treatment and Assessment Program (SOTAP) because he refused to

acknowledge his offender history.  Rogers also noted that Demos had incurred 16

serious infractions since his previous ISRB hearing in 2018, mostly based on filing

unsubstantiated allegations of sexual assault by prison staff.  DOC psychology

associate Bill Coleman testified that Demos claimed to not remember filing these

allegations, even though he scores within the normal range on memory tests.

Coleman also noted that Demos had been diagnosed with post-traumatic stress

disorder and an unspecified personality disorder.

   During his testimony, Demos insisted that he did not commit the crimes for

which he was convicted.  He stated that he was "not ready to parole" because he

wanted to litigate his innocence using the prison law library, and explained that he

was not participating in any programming because he spends most of his time

there.  He also advanced unsubstantiated accusations of misconduct against the

ISRB and refused to acknowledge that all of the sexual misconduct claims he made

against prison staff were deemed unfounded.

No. 81579-2-I/3

On June 8, 2020, the ISRB issued its written decision regarding Demos' parolability hearing. The ISRB found Demos not parolable and added 60 months to his minimum term, as follows:

REASONS FOR DECISION:

This was a deferred decision following a full Board discussion, using a structured decision-making framework that takes into consideration, the statistical estimate of risk, criminal history, parole history, ability to control behavior, responsivity to programming, demonstrated offender change, release planning, discordant information, and other case specific factors. Based on the requirements of RCW 9.95.100, the Board finds Mr. Demos not parolable for the following reasons:

- Level 2, untreated sex offender
- Continues to incur serious infractions (16 since last hearing) primarily for filing false reports of sexual assault and filing excessive grievances
- Chooses not to participate in programming to reduce his risk for re-offense
- Expresses little interest in release and wants to prove his innocence prior to release
- Writes excessively to government agencies to include the FBI, CIA, Secret Service, Washington State Patrol etc. to explain his conspiracy theories which causes them concern.

RECOMMENDATIONS:

Mr. Demos should focus on his mental well-being and his plans for the future and how he will care for himself when released. He continues to act as if he is a sacred martyr serving an unjust sentence for a crime he did not commit. This has gotten him nowhere in more than 30 years.

An ISRB decision setting a new minimum term is reviewed for an abuse of discretion, and this court gives substantial deference to the judgment of the ISRB. In re Pers. Restraint of Locklear, 118 Wn.2d 409, 418, 823 P.2d 1078 (1992). An abuse of discretion may be found where the ISRB fails to follow its own procedural rules for parolability hearings or where the ISRB bases its

3

No. 81579-2-I/4

decision on speculation and conjecture only.  In re Pers. Restraint of Dyer (Dyer I), 157 Wn.2d 358, 363, 139 P.3d 320 (2006). The petitioner bears the burden to prove the ISRB abused its discretion. In re Pers. Restraint of Addleman, 151 Wn.2d 769, 776, 92 P.3d 221 (2004).

Demos offers no factual or legal basis to demonstrate that the ISRB abused its discretion in denying parole and extending his minimum term.  Rather, he contends that once the ISRB sets a minimum term, it is powerless to alter or change it.  Demos is mistaken.  A prisoner sentenced prior to the enactment of the SRA is "subject entirely to the discretion of the Board, which may parole him now or never."  In re Marler, 108 Wn. App. 799, 807, 33 P.3d 743 (2001).  The ISRB is statutorily prohibited from releasing Demos until his life term expires unless he demonstrates that his rehabilitation is complete.  RCW 9.95.100.  The ISRB must "give public safety considerations the highest priority when making all discretionary decisions."  Dyer, 175 Wn.2d at 197 (quoting RCW 9.95.100). "[T]he minimum term carries with it no guaranty of release; it only establishes a date when the inmate becomes eligible to be considered for parole."  Cashaw, 123 Wn.2d at 143.  "A prisoner's minimum term is necessarily extended when the ISRB determines the prisoner is not parolable."  In re Dyer, 175 Wn.2d 186, 197, 283 P.3d 1103 (2012).  The ISRB was authorized to extend Demos' minimum term.

Demos also attaches fourteen affidavits to his petition containing numerous additional undeveloped and unsupported claims.  He appears to argue that: (1) the ISRB violated his First Amendment right to petition the government

4

No. 81579-2-I/5

for a redress of grievances by partially basing its decision on his excessive letter writing to government officials, (2) the ISRB's extension of his minimum term violates RCW 95.009(2) because it is not reasonably consistent with the Sentencing Reform Act, (3) the ISRB's reliance on his false reporting of staff sexual misconduct as a basis for denying parole is not supported by the record, (4) the ISRB had a conflict of interest because the majority of its members are female, (5) the ISRB committed unspecified ethical violations and discriminated against him on the basis of race, (6) the ISRB cannot rely on his status as a Level 2 untreated sex offender in denying parole because he completed his sentence on the attempted rape conviction, (7) the ISRB erred in considering his prison infraction history because prison staff are trained to lie in order to protect each other, (8) he is entitled to release pursuant to RCW 9.95.422 because he has served more than 20 consecutive years in confinement, (9) the ISRB's written decision is unsigned and therefore invalid, (10) he is entitled to receive credit for good time despite his life sentence, (11) his burglary conviction was unsupported by the evidence, and (12) the maximum amount of time he can be required to serve is one year.

A personal restraint petition must set out the facts underlying the claim and the evidence available to support the factual assertions. In re Pers. Restraint of Rice, 118 Wn.2d 876, 885-86, 828 P.2d 1086 (1992). Bare assertions and conclusory allegations are not sufficient to command judicial consideration and discussion in a personal restraint proceeding. Rice, 118 Wn.2d at 886 (competent, admissible evidence, such as affidavits, required to establish facts entitling

5

No. 81579-2-I/6

petitioner to relief); see also In re Pers. Restraint of Williams, 111 Wn.2d 353, 365, 759 P.2d 436 (1988) ("naked castings into the constitutional sea are not sufficient to command judicial consideration and discussion."). Demos' additional claims are unsupported by admissible evidence, citation to relevant authority, or legal analysis.[1] They do not warrant further consideration.

For the first time in reply, Demos additionally claims that (1) his judgment and sentence is constitutionally insufficient, (2) he was not served a timely copy of his parolability hearing, (3) he was not allowed to access his ISRB file prior to the hearing, and (4) the State is denying him good time, parole, proper medical care, hygiene items, and access to the courts in order to intimidate him into admitting guilt to his crimes. This court does not address argument or authority raised for the first time in reply. See RAP 10.3(a)-(c); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (an issue raised and argued for the first time in a reply brief is too late to warrant consideration).

Demos has failed to raise a nonfrivolous issue regarding the ISRB's decision to extend his minimum sentence and he has made no showing that the ISRB abused its discretion. His petition, therefore, must be dismissed.

Now, therefore, it is hereby

---

[1] While Demos frequently provides citations to judicial opinions, he does not provide pinpoint citations to the authority supporting his claims, nor does he explain how the cited authority applies to the facts of his case. And to the extent Demos' claims challenge his underlying judgment and sentence, Demos has not met his burden of demonstrating that such claims are exempt from the one-year time bar. RCW 10.73.090.

No. 81579-2-I/7

ORDERED that the personal restraint petition is dismissed under RAP

16.11(b).

Andrus, A.C.J.

Acting Chief Judge

7

E-FILE DOCUMENT

